# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SCOTT F. MASON, appearing Pro Se, and
On the Behalf of the minor child,

      Plaintiff,

vs.                              No. CIV 05-0470 JB/ACT

LOS LUNAS SCHOOL DISTRICT and or
SPECIAL SERVICES DEPARTMENT, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed September 27, 2005 (Doc. 19).  The primary issue is whether the Plaintiff, Scott F. Mason, who is proceeding pro se, has pled a federal cause of action and, if so, whether he exhausted administrative remedies before filing his lawsuit.  Because the Court concludes that Mason has not properly exhausted available administrative remedies, the Court will dismiss the federal claim without prejudice and remand the state claims to the state court from which it was removed.

## PROCEDURAL BACKGROUND

Mason originally filed this matter in the Thirteenth Judicial District Court on or about March 24, 2005.  Because the matter alleged a federal cause of action, the Defendants removed to the federal court.  See Notice of Removal ¶ 3, at 1 (Doc. 1).  Also, in response to the Complaint, the Defendants filed a Motion for More Definite Statement, see Doc. 4, which the Court granted, see Order granting deft's motion for more definite statement at 1-2 (Doc. 13).  The Court asked Mason to cite to the statutory authority under which he seeks relief.  See id.

Mason filed a Revised Complaint, or amended complaint, in which he responds, at least in part, to the Court's Order granting the Motion for More Definite Statement.  <u>See</u> Petitioner's Revised Complaint (Doc. 18)("Amended Complaint").   The caption of the amended complaint names the father as the Plaintiff, rather than as father and on behalf of the minor child.  <u>See</u> Amended Complaint at 1.  Mason also alleges that his minor child is gifted and/or is a "special needs" child.  <u>See</u> Amended Complaint ¶¶ 1, 12 at 2, 9.  Mason  alleges that the Defendant School District violated the Individuals with Disabilities Education Act ("IDEA"), as he refers throughout the Amended Complaint to P.L. 108-446, which is the federal IDEA Improvement Act of 2004.  <u>See</u> <u>generally</u> Amended Complaint. Mason attempts to allege that "administrative remedy has been attempted . . . ."  Amended Complaint ¶1(a), at 2.  In support of this contention, the Amended Complaint provides:

> b.     Mr. Michael Ogas, at the end of a subsequent "IEP" meeting held, (March 10th, 2005), and before the filing of the original complaint did ask Petitioner, to put "whatever I had" in the form of a "complaint" in writing and submit the "complaint" directly to the Los Lunas Schools superintendents office.

> c.     In addition, the Petitioner, and in response to telephone conversations held between the Petitioner and the initial "attorney of record" Mr. Ramon Vigil, Esq. of the Cuddy, Kennedy, Albetta, Ives, LLP, in which Mr. Vigil did ask the Petitioner to again "specify the allegations in writing" and deliver such "directly" to the Los Lunas, and deliver a copy to his offices, so that the Los Lunas Schools could "conduct an investigation" into the issues referred to his office.  In addition, Petitioner attaches, the letter sent to former superintendent of the Los Lunas Schools, Dr. Pomeroy, explaining the exchanges between Mr. Vigil and Petitioner, and labeled Petitioners Exhibit # A dated April 5th 2005.

> d.     Further, Mr. Vigil, on March 24th 2005, requested that I send him "a written copy" of a "proposed settlement" outlining the damages so that he could forward them to the Los Lunas Schools superintendent for consideration and resolution. These efforts to resolve the issues and events administratively were suspended by the change of the attorney of record to Mrs. German, Esq., and Mrs. German's motion to change venue to this Court.

> e.     That between the date of January 28th 2005 and March 22nd 2005 their [sic]

were no significant attempts made by the Los Lunas Schools to inform or otherwise
resolve the parental concerns, and by this failure did force the Petitioner to file suit
against the Defendants at the 13th Judicial District Court, in an effort to preserve
filing restrictions and bring to fore a formal resolution.  That on March 22nd 2005,
at 1:15 pm, in which, Petitioner did receive a phone call from the initial attorney of
record Mr. Ramon Vigil, Esq., alleging that their was an alternative dispute process,
but again the Los Lunas Schools and its attorney of record did not offer nor deliver
any written material formally or otherwise outline the procedures(s) to the Petitioner.

Amended Complaint ¶ 1(b)-(e), at 2-3.

No part of this attempt to exhaust administrative remedies, however, consists of filing a

complaint with the State Public Education Department, the conduct of an administrative hearing, or

an administrative appeal, which the State, not the individual School Districts, provides.  See generally

Amended Complaint.  Mason does not otherwise contend that this administrative procedure would

be futile, would lack an adequate remedy, or that an agency has adopted a policy or pursued a

practice of general applicability that is contrary to the law under the circumstances.  See generally

Amended Complaint.  Rather than stating that he has exhausted remedies under the IDEA, Mason

alleges he was advised to put his allegations in writing.  See Amended Complaint ¶ 1(b)-(c), at 2.

Mason then contends that he responded by filing the matter directly in state district court.  See id. ¶

1(e), at 3.

Finally, Mason's Amended Complaint implies a cause of action for negligent or intentional

infliction of emotional distress.  See Amended Complaint at 13.  Mason alleges what appears to be

a generalized tort for conduct occurring on January 28, 2005; the complaint characterizes the conduct

as a verbal attack, see id. ¶ 9, at 8, and as injurious and derogatory, see id. ¶ 6, at 6.  Specifically,

Mason requests recovery for medical action and monetary awards for pain and suffering.  See id. at

13.

Before the Defendants filed this motion, they contacted Mason, who is proceeding pro se, regarding the relief they seek in this motion.  See Motion to Dismiss Plaintiff's Amended Complaint at 1.  The Defendants did not secure Mason's concurrence in the motion, see id., and the Court will assume that Mason opposes the motion.  The Defendants move, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Mason's Amended Complaint.  See id.

Mason's response was due October 17, 2005.  Mason did not file a response.  On October 20, 2005, the Defendants filed a Notice of Completion, indicating that the motion was ready for a decision by the Court.

## IDEA AND STATE LAW

The Individuals with Disabilities Education Act ("IDEA") is found starting at 20 U.S.C. § 1400.  "Judicial review under 20 U.S.C. 1415(e)(2) is normally not available until a plaintiff has exhausted the administrative remedies provided under 1415(b)(2) and (c)."  Association for Community Living v. Romer, 992 F.2d 1040, 1043 (10th Cir. 1993)(citing Honig v. Doe, 484 U.S. 305 at 326-27 (1988)).  "Exhaustion is not required, however, where it would be futile or fail to provide adequate relief."  Id. at 1044 (citation omitted).  "The IDEA's legislative history contains a third exception to the exhaustion requirement where 'an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law.'"  Id. at 1044 (citation omitted).  The IDEA does not cover "gifted" children; it covers students with disabilities.  "Child with a disability" is defined by the IDEA as a child with "mental retardation, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance . . . , orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities . . . "who, by reason thereof, needs special education and related

-4-

services."  20 U.S.C. § 1401 (3)(A)(i)-(ii).

The determination of and provision of special education for "gifted children" is a matter of state law.  See generally NMSA 1978, § 22-13-6; NM ADC 6.31.2.12; NM ADC 6.31.2.12(F)(2)(assuming appropriate evaluations, a child may be determined to be both gifted and a child with a disability and be entitled to a free appropriate education for both reasons).  "Gifted" children are classified under state law as such, and administrative procedures exist for attempted resolution of disputes thereunder, with a subsequent appeal to state district court.[1]

## SUPPLEMENTAL JURISDICTION

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 152 n.1 (10th Cir. 1995)(quoting 28 U.S.C. § 1367(c)(3))  The "district court has discretion to remand state law claims after the district court has dismissed claims over which it had original jurisdiction."  RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 U.S. App. LEXIS 19246, at *14 n.3 (10th Cir. August 16, 1999)(citing 28 U.S.C. § 1367(c)(3); Pacificare of Okla., Inc. v. Burrage, 59 F.3d at 152-53).[2]

---

[1]  The complaint procedure requires the petitioner to request a hearing if "a [school] proposes or refuses to initiate or change the identification, evaluation, or educational placement of, or services to, a child who may need gifted services."  NM ADC 6.31.2.13(I)(3)(c).  The state regulations provide mediation and a hearing procedure, including provision of a hearing before an appointed hearing officer.  See NM ADC 6.31.2.13(I)(6-14).  An administrative appeal officer is appointed who shall conduct an impartial review of the entire hearing record.  See id.  The administrative appeal officer's decision is final unless the applicant takes further appeal to federal or state district court.  See NM ADC 6.31.2.13(I)(10)(f).

[2]  The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored.  But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition."  This unpublished decision meets both these criteria and the rules therefore allow citation

## ANALYSIS

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citation omitted).

The Amended Complaint is, however, still deficient. To the extent that the Amended Complaint brings claims for violations of the IDEA, the Court will dismiss it. The Court will remand the state claims to state court.

Although the IDEA may apply, Mason has not adequately pled that he has exhausted administrative remedies. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. Mason's Amended Complaint construed most liberally may be read as bringing a claim under the IDEA. Mason pleads that his child is a "special needs" child, and that she has "been identified as being in need of psychological assistance . . . ." Amended Complaint ¶ 12, at 6. Additionally, Mason attaches to his Amended Complaint an evaluation from a psychological consultation that explains that Mason's child suffers from test anxiety, general anxiety disorder, obsessive compulsive behavior, and clinical depression. See Psychological Consultation at 1, 4-5. Construed most liberally, Mason's Amended Complaint could be read as claiming that his child is a "child with a disability" under 20 U.S.C. § 1401(3)(A)(i)-(ii) as having "extreme emotional disturbance," and being in need of "special education and related services."

Even Construing the Amended Complaint as alleging a disability under IDEA, Mason must

---

to this unpublished decision.

still exhaust administrative remedies before filing in federal or state court.  See Association for Community Living v. Romer, 992 F.2d at 1044.  There is no evidence that any of the three exceptions to exhaustion, recognized in Romer, apply.  Thus, Mason's judicial complaint is barred unless or until he pursues the administrative remedy provided.  See id.  Mason has not adequately alleged that he has exhausted administrative remedies.

As to the presumed state claims, which sound, for all intents and purposes like tort claims, there is likely no waiver of sovereign immunity for such claim(s).  To the extent this claim is intended as a separate cause of action in tort, the Defendants probably are entitled to sovereign immunity.  See generally NMSA 1978, § 41-4-1 to 41-4-29.  Nevertheless, because the Court is dismissing the federal claims, the Court will let the state court determine the state law issues.  Additionally any claim arising from Mason's child being "gifted" appears to sound only in state law.

For now, the circumstances counsel that the Court dismiss the Amended Complaint without prejudice so that the time spent in this litigation does not jeopardize Mason's ability to file administratively and thus not jeopardize any complaints he may have.  It also may be that the filing of the state district court matter tolls the statute, though it is not necessary for the Court to decide that issue at this time.  This issue is another reason to let the state court determine if there is any state law claim that should go forward.

Because Mason has not adequately pled exhaustion, and it appears that his remaining claims are state claims, the Court will dismiss the federal claim for failure to exhaust administrative remedies and remand the state claims to state court.

Having dismissed the claim on which the Court had original federal jurisdiction, the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law

claims.  See Pruitt v. Comcast Cable Holdings, LLC, 100 Fed. Appx. 713, 717 (10th Cir. June 3, 2004)(unpublished decision)(holding that the district court's refusal to exercise supplemental jurisdiction over plaintiff's state law contract claims after dismissing all federal claims was "clearly authorized under 28 U.S.C. § 1367(c)(3)").  Under 28 U.S.C. § 1367(a),  "in any civil action of which the district courts have original jurisdiction, [a] district court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court, however, "may decline to exercise supplemental jurisdiction . . . if[:]"

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The third provision applies to this case.  The Court has dismissed the claim on which it had original jurisdiction -- the IDEA claim.  The remaining claims sound in state law.  The district court has discretion to remand state law claims after the district court has dismissed claims over which it had original jurisdiction.  See RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 U.S. App. LEXIS 19246, at *14 n.3.  Accordingly, the Court will remand all state law claims to state court.

**IT IS ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint is granted in part.  The federal claims are dismissed without prejudice.  The remainder of the case is remanded to

-8-

Thirteenth Judicial District, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Scott F. Mason
Los Lunas, New Mexico

      *Pro se Plaintiff*

Elizabeth L. German
Daniel J. Macke
Brown and German
Albuquerque, New Mexico

      *Attorneys for the Defendants*